# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Gabe Scherer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| Christopher Roemer ) | **JURY TRIAL DEMANDED** |
| AND ) | |
| Gary Stolzer, Ste. Genevieve County ) | |
| Sheriff ) | |
| AND ) | |
| Ste. Genevieve County Sheriff's Office ) | |
| AND ) | |
| County of Ste. Genevieve, Missouri, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff Gabe Scherer (hereinafter "Plaintiff"), by and through his attorney, and for his Complaint against Defendant Christopher Roemer (hereinafter "Defendant Roemer"), Defendant Gary Stolzer (hereinafter "Defendant Stolzer"), Defendant Ste. Genevieve County Sheriff's Office (hereinafter "Defendant Ste. Genevieve County Sheriff's Office") and Defendant County of Ste. Genevieve, Missouri (hereinafter "Defendant Ste. Genevieve County") and respectfully states to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's rights against all Defendants.

1

2. Plaintiff sues Defendant Christopher Roemer in his individual capacity.

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1341.

## VENUE

4. Venue is proper under 28 U.S.C. § 1391(b).

5. At all times relevant herein, Plaintiff resided and was a citizen of Ste. Genevieve County, Missouri.

6. Defendant County of Ste. Genevieve, Missouri is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

7. Defendant Ste. Genevieve County Sheriff's Office is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

8. Defendant Stolzer, at all times relevant herein, was employed by the County of Ste. Genevieve, Missouri as the Ste. Genevieve County Sheriff. Defendant Stolzer is sued in his individual capacity.

9. Defendant Roemer, at all times relevant herein, was a police officer employed by the County of Ste. Genevieve, Missouri. Defendant Roemer is sued in his individual capacity.

## COLOR OF STATE LAW

8. At all times relevant herein, Defendants Roemer and Stolzer acted under color of state law.

9. Particularly, Defendants Roemer and Stolzer acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL BACKGROUND

10. On August 26, 2016, Plaintiff owned a dog named "Max," a male mixed breed dog.

11. Max is not and has never been an aggressive dog.

12. On August 26, 2016, Max was approximately 7 1/2 years old.

13. On information and belief, Max was laying in a garage on Plaintiff's private property located at 9734 Misplay Road in Bloomsdale, Missouri  (hereinafter "9734 Misplay Road"). Max sleeps in the garage during the day while Plaintiff is not at home.

14. At all times relevant herein, Max had a dog collar around his neck.

15. The entrance to 9734 Misplay Road contained several "No Trespassing" and "Beware of Dog" signs in addition to a sign that advised all law enforcement to receive permission from residents prior to entering property.

16. On August 26, 2016, Plaintiff had a neighbor by the name of Larry James that lived at 9705 Misplay Road in Bloomsdale, Missouri (hereinafter "9705 Misplay Road").

17. The property at 9705 Misplay Road is located across the street from the property located at 9734 Misplay Road.

18. On August 26, 2016, Defendant Roemer was dispatched to 9705 Misplay Road to investigate a suspicious vehicle.

19. Defendant Roemer, a member of the Ste. Genevieve County Police Department, met with Larry James at 9705 Misplay Road.

20. Despite the signs, Defendant Roemer entered Plaintiff's property and knocked on Plaintiff's door.

21. Upon information and belief, Max came out of the garage in a non-aggressive manner.

22. Max came to a stop and Defendant Roemer un-holstered his pistol and fired four rounds toward Max, one going into his shoulder.

23. Max immediately retreated to the garage after being shot.

24. Defendant Roemer re-holstered his weapon.

25. Defendant Roehmer left Max to die and performed no actions to save his life or contact his owner.

26. Upon information and belief, the shooting of Max was videotaped by Defendant Roemer or his partner's car camera.

## COUNT I - VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTH AMENDMENT AGAINST DEFENDANT ROEMER FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEY'S FEES

23. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

24. Defendant Roemer's shooting of Plaintiff's dog constituted a seizure under the Fourth Amendment.

25. The right to possess a dog is clearly established.

26. Defendant Roemer's shooting of Plaintiff's dog was objectively unreasonable in that Plaintiff's dog was standing still on Plaintiff's private property and acting non-aggressive

when Defendant Roemer un-holstered his firearm and shot Plaintiff's dog and Defendant Roemer was not in any immediate danger which called for the use of deadly force.

### Compensatory Damages

27. Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant Roemer in his individual capacity.

### Punitive Damages

28. Defendant Roemer's actions were:

   a. Reckless;

   b. Showed callous indifference toward the rights of Plaintiff; and

   c. Were taken in the face of a perceived risk that the actions would violate federal law.

29. Plaintiff is entitled to an award of punitive damages against Defendant Roemer in his individual capacity, in order to punish him and to deter others.

### Attorney's Fees

30. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Roemer in his individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

# COUNT II - VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST DEFENDANTS STE. GENEVIEVE COUNTY, STE. GENEVIEVE COUNTY SHERIFF AND GARY STOLZER FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

31. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

**Compensatory Damages**
**1st Alternative Basis of Municipal Liability**
**Delegation to Defendant Roemer**

32. As the first alternate basis for liability against Defendants Ste. Genevieve County, Ste. Genevieve County Sheriff's Office and Gary Stolzer, the policy makers for Defendant County of Ste. Genevieve is an aldermanic board, the mayor, the sheriff, or someone else, and that person delegated full authority and/or empowered Defendant Roemer to make policy.

33. That delegation of authority by the actual policy maker of Defendant Ste. Genevieve County placed Defendant Roemer in a policy making position, and the acts of Defendant Roemer may fairly be said to be those of the municipality.

34. Those acts therefore subject Defendants Ste. Genevieve County and Ste. Genevieve County Sheriff's Office to liability for the constitutional violations of Defendant Roemer.

**2nd Alternative Basis of Municipal Liability –**
**Failure to Train, Supervise, Control**

35. As the second alternative basis for liability against Defendants Ste. Genevieve County, Ste. Genevieve County Sheriff's Office and Gary Stolzer, Defendants failed to properly hire, train, supervise, control and/or discipline Defendant Roemer. Defendants Ste.

Genevieve County, Ste. Genevieve County Sheriff's Office and Gary Stolzer were thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Roemer such that those failures reflected a deliberate or conscious choice by Defendants Ste. Genevieve County, Ste. Genevieve County Sheriff's Office and Gary Stolzer.

36. Those deficiencies caused Plaintiff's damages.

37. In light of the fact that it was Defendant Roemer who engaged in the constitutional violations, the need to correct the deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendants Ste. Genevieve County and Ste. Genevieve County Sheriff's Office can reasonably be said to have been deliberately indifferent to the need.

38. If Defendants Ste. Genevieve County, Ste. Genevieve County Sheriff's Office and Gary Stolzer had properly hired, trained, supervised, controlled and/or disciplined Defendant Roemer, the constitutional violations committed by Defendant Roemer would not have occurred.

39. These failures by Defendants Ste. Genevieve County, Ste. Genevieve County Sheriff's Office and Gary Stolzer to hire, train, supervise, control and/or discipline Defendant Roemer subject Defendant Ste. Genevieve County to liability for the constitutional violations committed by Defendant Roemer.

**Waiver of Sovereign Immunity**

40. Upon information and belief, at the relevant time, Defendant Ste. Genevieve County and/or Defendant Ste. Genevieve County Sheriff's Office had purchased and had in

effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

41. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendants Ste. Genevieve County, Ste. Genevieve County Sheriff's Office and Gary Stolzer.

**Compensatory Damages**

42. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendants Ste. Genevieve County, Ste. Genevieve County Sheriff's Office and Gary Stolzer.

**Attorney's Fees**

43. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendants Ste. Genevieve County, Ste. Genevieve County Sheriff's Office and Gary Stolzer for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT III VIOLATION OF CIVIL RIGHTS
42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST DEFENDANTS
STE. GENEVIEVE COUNTY AND STE. GENEVIEVE COUNTY SHERIFF'S OFFICE
FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

44. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

45. At all relevant times Defendant Roemer was:

   a. Serving as an employee of Defendant Ste. Genevieve County and Defendant Ste. Genevieve County Sheriff's Office as a police officer;

   b. Engaging in a government function; and

   c. Acting within the course and scope of that employment.

46. Defendant Ste. Genevieve County and Defendant Ste. Genevieve County Sheriff's Office is liable under a theory of *respondeat superior*.

47. The actions of Defendant Roemer caused Plaintiff to suffer the damages outlined herein.

## Compensatory Damages

48. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Ste. Genevieve County and Defendant Ste. Genevieve County Sheriff's Office.

## Attorney's Fees

49. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Ste. Genevieve County and Defendant Ste. Genevieve County Sheriff's Office for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and

non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

        Respectfully submitted,

        THE MUTRUX LAW FIRM, LLC

        BY: /s/ *R. Tyson Mutrux*
            R. Tyson Mutrux #63117MO
            1717 Park Avenue
            St. Louis, MO 63104
            (314) 270-2273
            (314) 884-4333 Facsimile
            Tyson@MutruxLaw.com
            Attorney for Plaintiff Gabe Scherer